

CJ-18-6438

Ogden

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV 21 2018

RICK WARREN
COURT CLERK

| | |
|---|---|
| ALLAN T. JANUS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-2018- |
| OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION, a constitutional state agency of the State of Oklahoma, J.D. STRONG, Director, | ) |
| Defendants. | ) |

48

CJ-2018-6438

## PETITION

COMES NOW Plaintiff Allan T. Janus ("Plaintiff") and for his causes of action against Defendants the Oklahoma Department of Wildlife Conservation, J.D. Strong, Director ("Defendant") alleges and states as follows:

### The Parties

1. At all relevant times herein mentioned, Plaintiff was and now is a resident of Payne County, State of Oklahoma.

2. At all relevant ties herein mentioned, Defendant was and now is a constitutional state agency of the State of Oklahoma with its principal offices located in Oklahoma City, Oklahoma.

### Factual Allegations

3. Plaintiff is a white male age 37 years.

4. Plaintiff was hired as a Programmer/Data Analyst on or about November 1, 2010 with Defendant and was elevated to the position of Research Supervisor on or about April 1, 2012.

5. Plaintiff is well qualified for the positions he has held for Defendant.

**Exhibit 2**

6. During his employment Plaintiff has performed his job duties and functions in a very satisfactory manner and has had no performance related write-ups or demerits, save and except, the write-ups that are part and parcel to the instant action.

7. In late May 2017 Plaintiff became aware of a budget shortfall and told his immediate supervisor Alan Peoples ("Peoples").

8. On May 31, 2017 during a meeting ("Meeting") at Defendant's headquarters, when discussing the budget shortfall issue, Peoples, asked Plaintiff if he "wanted lube for what Bill Dinkines" ("Dinkines"), the Assistant Chief, "was about to do to you." This was stated in the presence of Dinkines.

9. The aforementioned meeting was set up to discuss how to handle the issue of misconduct concerning the budget shortfall. The shortfall had occurred back in fiscal year 2015 as a result of members of Plaintiff's chain of command pulling money from purchase orders (POs) Plaintiff managed as a part of his job duties and responsibilities. Those funds were never wholly returned to the POs by Plaintiff's Chain of Command, thus leaving a budgetary shortfall.

10. As a result of the meeting, Plaintiff was told by Peoples to go to Oklahoma State University ("OSU") and explain to it that the money was not there on the POs even though the monies had already been budgeted and allocated to certain of OSU's POs.

11. This caused Plaintiff a serious amount of distress as he was aware that the funds had been misappropriated by the same persons telling him to smooth it over with OSU.

Exhibit 2

12. From and after the meeting of May 31, 2017 Plaintiff fell depressed and began having sleepless nights. His chain of command was trying to make him cover up misappropriation of funds. Originally, he had gone to them to report the violation of Oklahoma Public Policy and did not know that it was just going to be turned on him.

13. On or about June 2, 2017 Plaintiff was having a conversation with Peoples and telling him how bad OSU was taking what he had been asked to tell it. Plaintiff again expressed his concerns to Peoples about violating Oklahoma public policy by misappropriating funds that had already been allocated to specific POs. Plaintiff asked if they were going to get fired over it. Peoples explained "just stick by me and you will be ok."

14. On June 4, 2017 Plaintiff submitted an account ("Report") of the sexual harassment that occurred in the Meeting, provided an account of the misappropriation of funds and the laws he felt had been violated to J.D. Strong ("Director") and the head of Defendant's Human Resources, Vicky Scaggs ("HR").

15. From and after his Report, Plaintiff began to suffer reprisal at the hands of Peoples, Wade Free ("Free"), the Assistant Director, and the Director in that the story changed from being that of stick with us and everything will be fine to blaming Plaintiff for the shortfall. Additionally, Plaintiff's job duties and responsibilities changed as follows: Plaintiff was not allowed to travel on behalf of Defendant; Plaintiff was not included on any management decisions and was effectively cut out of the chain of command; and Plaintiff was ignored by his subordinates and had no authority to supervise them.

**Exhibit 2**

16. On June 30, 2017 findings of an internal investigation were presented to Plaintiff concerning his complaints of discrimination and violation of public policy. Even though the investigation found inappropriate behavior by his superiors, inexplicably, Peoples was praised for the way he handled the situation and everything was swept under the rug.

17. Plaintiff was beside himself. Nothing had been done about the misappropriation of funds, nor the overt threats made towards him. Plaintiff determined he needed to take some time off from work. Plaintiff took the first week of July off of work to try and cope with what he had been subjected to and enjoy some time with his family over the Fourth of July Holiday.

18. During his leave, Plaintiff was advised he was to meet with all of his superiors in the Director's office on July 17, 2017 ("Meeting 2"). When Plaintiff appeared at Meeting 2 the Director, Strong, Free, Peoples and Dinkines were present. Plaintiff was presented a list ("List") of supposed transgressions by his supervisor and made to defend his entire office's output. Plaintiff had a complete review of his work right there before them all. Many of the items placed on the List were items that had not previously been among Plaintiff's job duties and responsibilities.

19. Within minutes of Meeting 2 Plaintiff was called into a room by Peoples. Plaintiff was given his midyear performance appraisal. During this review Plaintiff was: taken off the Lesser Prairie Chicken, which he headed; he was called a drunk by Peoples in front of Free; was told he was going to be held to a new standard going forward; and told he had gotten it too easy previously.

**Exhibit 2**

20. On July 20, 2017 Plaintiff was told by Peoples he was going to pay for filing claims against him and that "was just the way it is." Additionally, Plaintiff was told his future appraisals would be affected because of his complaints of discrimination and violation of Oklahoma public policy.

21. All of these actions left Plaintiff in a complete state of anxiety and depression. His condition had worsened to the point his doctor recommended him take temporary disability, which he did beginning July 21, 2017 until August 28, 2017.

22. On August 16, 2017 Plaintiff advised the Defendant he could return beginning August 21, 2018. He was advised not to return until August 28, 2017 by Defendant.

23. Upon Plaintiff's return a meeting ("Meeting 3") was held at 8:30 a.m. in Oklahoma City. He was placed on 6 months probation. The reason stated for the probation were the budgetary issues, which Plaintiff had reported and were not of his doing, and for the List of infractions presented to him in the July 17, 2017 meeting. The fact that he was not around to complete some of the items on the List because of his FMLA leave was held against him. Plaintiff was told he was not going to be on the Lesser Prairie Chicken during the probation. Plaintiff received his first performance write-up at this time.

24. On February 2, 2018 Plaintiff was given his annual performance evaluation. Those present were Peoples and Free. After the performance evaluation was completed, Free stated it was the "dirtiest annual review" he had ever seen. Plaintiff was told not to have it investigated, because his job was currently safe. Implying that if he did have it investigated action would be taken against him.

Exhibit 2

25. Plaintiff filed his charge of discrimination and retaliation with the EEOC on April 25, 2018 at Charge No. 564-2018-00354. ***See EEOC Form 5 attached hereto as Exhibit "1."***

26. Plaintiff received his Dismissal and Notice of Rights Letter from the EEOC on August 26, 2018. ***See Notice of Suit Rights Letter attached hereto as Exhibit "2."***

27. Plaintiff has timely brought this matter within 90 days of his receipt of the Dismissal and Notice of Suit Rights Letter.

28. Additionally, Plaintiff filed a Tort Claim Notice ("Tort Claim") on May 31, 2018 for the discrimination and retaliation Plaintiff endured as a result of his reports of violation of the public policy of the State of Oklahoma, gender discrimination and for taking protected FMLA leave.

29. Currently, Plaintiff's Tort Claim is still under investigation. Plaintiff will amend this Petition and timely add additional causes of action, pursuant thereto, should same be denied.

### FIRST CAUSE OF ACTION-VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601, et seq.

30. Plaintiff incorporates Paragraphs 1 through 29 as though set forth in full herein.

31. Defendant is a constitutional state agency of the State of Oklahoma, who employs 50 or more employees for at least 20 work weeks in the current and preceding calendar year and is engaged in an activity affecting commerce.

32. Plaintiff worked for a covered employee and Defendants acknowledged Plaintiff's request for FMLA leave and granted him same.

**Exhibit 2**

33. Plaintiff had worked for Defendant for more than one year full time prior to his unjust and unlawful treatment by Defendant when it put him on probation and removed job duties and responsibilities from him immediately after coming back from protected leave. Plaintiff worked in excess of 1250 hours in the 12 months preceding Defendant's actions.

34. Plaintiff worked at a location where at least 50 employees were employed by Defendants within 75 miles.

35. Plaintiff had a serious health condition that required medical care and continuing treatment.

36. Plaintiff's health condition was and is a serious health condition.

37. Plaintiff took leave because of his serious health condition. Plaintiff requested FMLA leave and filled out the FMLA paperwork through Defendant's Human Resources Department.

38. Plaintiff has received treatment and is receiving treatment and was able to return to work and perform the functions of his job prior to his unjust and unlawful treatment for taking protected leave.

39. Defendant retaliated against Plaintiff for taking FMLA leave. Plaintiff's leave was a motivating and significant factor in Defendant's determination to alter the terms of Plaintiff's employment.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Award Plaintiff damages against Defendant in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

**Exhibit 2**

2)	Award Plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

3)	Award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

4)	Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of this action;

5)	Grant Plaintiff such other and further relief as the Court deems appropriate under the circumstances.

**SECOND CAUSE OF ACTION-VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, OR ALTERNATIVELY, THE OKLAHOMA ANTI-DICRIMINATION ACT, 25 O.S. § 1101, et seq.-GENDER DISCRIMINATION**

40.	Plaintiff incorporates herein by reference Paragraphs 1 through 39 as though set forth in full herein.

41.	Plaintiff was in a protected classification, at all relevant times herein, because of his gender, male.

42.	Plaintiff was well qualified for his position and he successfully performed his job duties and responsibilities.

43.	On or about May 31, 2017, Plaintiff was sexually harassed by his supervisor when he was told that he was going to "need lube" for what was going to happen to him after his report of misappropriation of state funds. Plaintiff reported the discrimination on or about June 4, 2017 to the Director and to Defendant's HR.

44.	Plaintiff's gender was a motivating factor in Defendant's decision to alter the terms and conditions of his employment.

**Exhibit 2**

45.  The reasons stated for Plaintiff's adverse treatment were sham and pretextual in that he did not commit any of the cited infractions and they were only trumped up after he refused to go along with the inaccurate company line.

46.  As a direct and proximate result of Defendant's actions as herein detailed, Plaintiff has been damaged in that he has suffered economic loss, emotional distress, loss to his professional reputation, loss of enjoyment of life, anxiety and depression. Plaintiff is entitled to all relief and damages provided for under Title VII of the 1964 Civil Rights Act, as amended or alternatively, under the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for relief as follows:

1)  That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

2)  That Defendant be ordered to make Plaintiff whole by providing back pay, front pay and any other remedy authorized by Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

3)  That Defendant be required to compensate Plaintiff for the full value of wages and benefits that Plaintiff would have received if it had not been for Defendant's unlawful treatment of Plaintiff, with interest thereon;

4)  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

5)  That Plaintiff be awarded his costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

Exhibit 2

6) That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION-VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, OR ALTERNATIVELY, THE OKLAHOMA ANTI-DICRIMINATION ACT, 25 O.S. § 1101, et seq.- RETALIATION**

47. Plaintiff incorporates herein by reference Paragraphs 1 through 46 as though set forth in full herein.

48. Plaintiff was in a protected classification, at all relevant times herein, because of his gender, male and because he participated in protected activity when on or about June 4, 2017 he reported gender discrimination.

49. Plaintiff was well qualified for his position and he successfully performed his job duties and responsibilities.

50. On or about July 17, 2017, Plaintiff's job duties and responsibilities were changed for the sham and pre-textual reason that he had caused the budget shortfall and also for job performance related issues that were untrue. Plaintiff was also advised on that date that he would be scrutinized much harder moving forward on his performance evaluations. Additionally, Plaintiff was placed on a 6 month probation when he returned to work on August 28, 2017. Plaintiff's subsequent performance evaluations have been much lower than previous to his reports of discrimination.

51. Plaintiff's report of gender discrimination was a motivating factor in Defendant's decision to alter the terms and conditions of his employment.

56. The reasons stated for Plaintiff's adverse treatment were sham and pre-textual in that he did not commit any of the cited infractions and they were only trumped up after he made his report of discrimination.

Exhibit 2

57. As a direct and proximate result of Defendant's actions as herein detailed, Plaintiff has been damaged in that he has suffered economic loss, emotional distress, loss to his professional reputation, loss of enjoyment of life, anxiety and depression. Plaintiff is entitled to all relief and damages provided for under Title VII of the 1964 Civil Rights Act, as amended or alternatively, under the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for relief as follows:

1) That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

2) That Defendant be ordered to make Plaintiff whole by providing back pay, front pay and any other remedy authorized by Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

3) That Defendant be required to compensate Plaintiff for the full value of wages and benefits that Plaintiff would have received if it had not been for Defendant's unlawful treatment of Plaintiff, with interest thereon;

4) That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

5) That Plaintiff be awarded his costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

6) That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper.

Dated this 20th day of November 2018.

**Exhibit 2**

Respectfully submitted,

*[signature]*

Scott K. Thomas, OBA #21842
Houston, Osborn, Sexton & Thomas, PLLC
123 W. 7th, Suite 200
P.O. Box 1118
Stillwater, OK 74076
(405) 377-7618
(405) 377-8234 facsimile
Attorney for Plaintiff

*Attorney's Lien Claimed*
*Jury Trial Demanded*

**Exhibit 2**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2018-00354 |
| Oklahoma Attorney General's Office, Office of CR Enforcement | | and EEOC |
| State or local Agency, if any | | |

Name (Indicate Mr., Ms., Mrs.): **Mr. Allan Janus**
Home Phone (Incl. Area Code):
Date of Birth:

Street Address: **721 W Lakeshore Dr, Stillwater, OK 74075**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name: **OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION**
No. Employees, Members: **15 - 100**
Phone No. (Include Area Code): **(405) 522-3324**
Street Address: **2145 NE 36th St, Oklahoma City, OK 73111**

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **06-04-2017**   Latest: **03-21-2018**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about November 1, 2010 as a Programmer/Data Analyst. During my tenure, I have performed my duties satisfactorily to the best of my knowledge. On or about May 31, 2017, in a meeting with Alan Peoples, Chief of Wildlife, I was told that I "may need lube for what was about to happen." This comment offended me and was very inappropriate. On June 5, 2017, I filed a formal grievance with Vicky Skaggs, Human Resources Administrator and J.D. Strong, Director. On or about June 30, 2017, the investigation into my complaint concluded and was found to be relevant, but did not rise to the level of sexual harassment or bullying/intimidation. Director Strong did acknowledge that the comment made by Mr. Peoples was unprofessional and that the culture of "locker room talk" in the workplace had to change.

On or about August 28, 2017, I was placed on Disciplinary Probation for 6 months for failure to meet deadlines and other work issues. I feel that this is retaliation for my filing a complaint.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 4-25-18

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)



EXHIBIT 1

# Exhibit 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2018-00354 |

Oklahoma Attorney General's Office, Office of CR Enforcement                                     and EEOC
_State or local Agency, if any_

I believe that I have been discriminated against on the basis of my sex, Male and retaliated against for my complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 4-25-18   [signature]<br>Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

**Exhibit 2**

EEOC Form 161 (11/16)  U.S. Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: Allan Janus<br>721 W Lakeshore Dr<br>Stillwater, OK 74075 | From: Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-00354 | Michael L. Talton, Investigator | (405) 231-5623 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)             for: Holly Waldron Cole,             8-23-18
                               Area Office Director            (Date Mailed)

cc:  **Vicky Scaggs
Director
OK DEPT. OF WILDLIFE CONSERVATION
2145 NE 36th St
Oklahoma City, OK 73111**


EXHIBIT 2

**Exhibit 2**