FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 1 0 2019

RICK WARREN
COURT CLERK

75_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

|  |  |  |
|---|---|---|
| ALLAN T. JANUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2018-6438 |
| | ) | |
| OKLAHOMA DEPARTMENT OF WILDLIFE | ) | |
| CONSERVATION, a constitutional state agency of | ) | |
| the State of Oklahoma, J.D. STRONG, Director, | ) | |
| and ALAN PEOPLES, in his official capacity and | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED PETITION

COMES NOW Plaintiff Allan T. Janus ("Plaintiff") and for his causes of action against Defendants the Oklahoma Department of Wildlife Conservation, J.D. Strong, Director ("Defendant Agency") and Alan Peoples, in his official capacity and individually ("Defendant Peoples") alleges and states as follows:

### The Parties

1.    At all relevant times herein mentioned, Plaintiff was and now is a resident of Payne County, State of Oklahoma.

2.    At all relevant times herein mentioned, Defendant Agency was and now is a constitutional state agency of the State of Oklahoma with its principal offices located in Oklahoma City, Oklahoma.

3.    At all relevant times herein mentioned, Defendant Peoples was and now is an employee of Defendant Agency holding the title of Chief of Wildlife.   Defendant Peoples was and now is a resident of Oklahoma County, State of Oklahoma.

1

**Exhibit 3**

Factual Allegations

4.     Plaintiff is a white male age 38 years.

5.     Plaintiff was hired as a Programmer/Data Analyst on or about November 1, 2010 with Defendant Agency and was elevated to the position of Research Supervisor on or about April 1, 2012.

6.     Plaintiff is well qualified for the positions he has held for Defendant.

7.     During his employment Plaintiff has performed his job duties and functions in a very satisfactory manner and has had no performance related write-ups or demerits, save and except, the write-ups that are part and parcel to the instant action.

8.     In late May 2017 Plaintiff became aware of a budget shortfall and expressed concern to his immediate supervisor Defendant Peoples.

9.     On May 31, 2017 during a meeting ("Meeting") at the Defendant Agency's headquarters, when discussing the budget shortfall issue, Defendant Peoples, asked Plaintiff if he "wanted lube for what Bill Dinkines, the Assistant Chief of Wildlife ("Dinkines"), was about to do to you."   This was stated in the presence of Dinkines.

10.     The aforementioned meeting was set up to discuss how to handle Plaintiff's report of misconduct concerning the budget shortfall.   The shortfall had occurred back in fiscal year 2015 as a result of members of Plaintiff's chain of command pulling money from purchase orders (POs) Plaintiff managed as a part of his job duties and responsibilities.   Those funds were never returned to the POs by Plaintiff's Chain of Command, thus leaving a budgetary shortfall.

2

**Exhibit 3**

11.     As a result of the meeting Plaintiff was told by Defendant Peoples to go to Oklahoma State University ("OSU") and explain to it that the money was not there on the POs even though the monies had already been budgeted and allocated to certain of OSU's POs.

12.     This caused Plaintiff a serious amount of distress as he was aware that the funds had been misappropriated by the same persons telling him to smooth it over with OSU.

13.     From and after the meeting of May 31, 2017 Plaintiff fell depressed and began having sleepless nights.   His chain of command was trying to make him cover up misappropriation of funds.   Originally, he had gone to them to report the violation of Oklahoma public policy and did not know that it was going to be turned on him.

14.     On or about June 2, 2017 Plaintiff was having a conversation with Defendant Peoples and telling him how bad OSU was taking what he had been asked to tell it.   Plaintiff again expressed his concerns to Defendant Peoples about violating Oklahoma public policy by misappropriating funds that had already been allocated to specific POs.   Plaintiff asked if they were going to get fired over it.   Defendant Peoples explained "just stick by me and you will be ok."

15.     On June 4, 2017 Plaintiff submitted an account ("Report") of the sexual harassment that occurred in the Meeting, provided an account of the misappropriation of funds and his belief the law had been violated to the Director of Wildlife, J.D. Strong ("Director") and the head of Defendant's Human Resources, Vicky Scaggs ("HR").

3

**Exhibit 3**

16.     From and after his Report Plaintiff began to suffer reprisal at the hands of Defendant Peoples, Wade Free, Assistant Director of Operations ("Free"), Dinkines and the Director in that the story changed from being that of stick with us and everything will be fine to blaming Plaintiff for the shortfall.   Additionally, Plaintiff's job duties and responsibilities changed as follows: Plaintiff was not allowed to travel on behalf of Defendant Agency; Plaintiff was not included on any management decisions and was effectively cut out of the chain of command; and Plaintiff's superiors began communicating directly with Plaintiff's subordinates essentially cutting off his authority.

17.     On June 30, 2017 findings of an internal investigation were presented to Plaintiff concerning his complaints of discrimination and violation of public policy. Even though the investigation found inappropriate behavior by his superiors, inexplicably, Defendant Peoples was praised for the way he handled the situation and everything was swept under the rug.

18.     Plaintiff was beside himself.   Nothing had been done about the misappropriation of funds, nor the overt threats made towards him.   Plaintiff determined he needed to take some time off from work.   Plaintiff took the first week of July off of work to try and cope with what he had been subjected to and enjoy some time with his family over the Fourth of July Holiday.

19.     During his leave, Plaintiff was advised he was to meet with all of his superiors in the Director's office on July 17, 2017 ("Meeting 2"). When Plaintiff appeared at Meeting 2 the Director, Free, Defendant Peoples and Dinkines were present.   Plaintiff was presented a list ("List") of supposed transgressions by his supervisor, Defendant

4

**Exhibit 3**

Peoples, and made to defend his entire shop's output.   Plaintiff had a complete review of his work right there before them all.   Many of the items placed on the List were items that had not previously been among Plaintiff's job duties and responsibilities or were changed in such a manner that it made Plaintiff appear to be deficient in areas.

20.   Within minutes after Meeting 2, Plaintiff was called into a room by Defendant Peoples.   Plaintiff was given his midyear performance appraisal.   During this review Plaintiff was: taken off the Lesser Prairie Chicken project; he was called a drunk by Defendant Peoples in front of Free; told he was going to be held to a new standard going forward; and that he had gotten it too easy previously.

21.   On July 20, 2017 Plaintiff was told by Defendant Peoples he was going to pay for filing claims against him and that "was just the way it is."   Additionally, Plaintiff was told his future appraisals would be affected because of his complaints of discrimination and violation of Oklahoma public policy.

22.   All of these actions left Plaintiff in a complete state of anxiety and depression.   His condition had worsened to the point his doctor recommended him take temporary disability.   Plaintiff requested and received FMLA leave from Defendant Agency beginning July 21, 2017 until August 28, 2017, and periodically thereafter, with approval from Defendant Agency.

23.   On August 16, 2017 Plaintiff advised the Defendant Agency he could return beginning August 21, 2018.   Plaintiff was advised not to return until August 28, 2017 by Defendant Agency.

**Exhibit 3**

24. Upon Plaintiff's return a meeting ("Meeting 3") was held at 8:30 a.m. in Oklahoma City. He was placed on 6 months' probation. The reason stated for the probation were: the budgetary issues, which Plaintiff had reported and were not of his doing; and for the List of infractions presented to him in the July 17, 2017 meeting. The fact that Plaintiff was not around to complete some of the items on the List, because of his FMLA leave, was held against him. Plaintiff was told he was not going to be on the Lesser Prairie Chicken project during the probation. Plaintiff received his first performance write-up at this time.

25. On February 2, 2018 Plaintiff was given his annual performance evaluation. Those present were Defendant Peoples and Free. After the performance evaluation was completed, Free stated it was the "dirtiest annual review" he had ever seen. Plaintiff was told not to have it investigated, because his job was currently safe. Implying that if he did have it investigated, action would be taken against him.

26. Plaintiff filed his charge of discrimination and retaliation with both the Office of Civil Rights Enforcement ("OCRE") and the Equal Employment Opportunity Commission ("EEOC") within 180 days of the adverse employment action. The OCRE transferred Plaintiff's matter to the EEOC. *See Letter attached hereto as Exhibit "1."* Plaintiff signed his Form 5 with the EEOC on April 25, 2018, Charge No. 564-2018-00354. *See EEOC Form 5 attached hereto as Exhibit "2."*

27. Plaintiff received his Dismissal and Notice of Rights Letter from the EEOC on August 26, 2018. *See Notice of Suit Rights Letter attached hereto as Exhibit "3."*

6

**Exhibit 3**

28.     Plaintiff has timely brought this matter within 90 days of his receipt of the Dismissal and Notice of Suit Rights Letter.

29.     Additionally, Plaintiff filed a Tort Claim Notice ("Tort Claim") on May 31, 2018 for the discrimination and retaliation Plaintiff endured as a result of his reports of violation of the public policy of the State of Oklahoma, gender discrimination and for taking protected FMLA leave.

30.     Plaintiff received a letter dismissing his Tort Claim effective November 15, 2018 on or about November 22, 2018.   Plaintiff has timely brought this action within 180 days of the denial thereof.

31.     Subsequent to the original filing of this matter, Plaintiff continued to suffer reprisal for his reports of discrimination and violation of Oklahoma Public Policy, to include, threats of termination and adverse performance appraisals. Additionally, Plaintiff's employment with Defendant Agency was terminated effective April 8, 2019. Pursuant thereto, Plaintiff is complying with the requisite administrative exhaustion requirements with the OCRE, EEOC and the Office of Management and Enterprise Services, pursuant to the auspices of the Oklahoma Governmental Tort Claims Act. Plaintiff will supplement this pleading when the investigations thereon have been completed, and he has exhausted his administrative remedies.

FIRST CAUSE OF ACTION-VIOLATION OF THE<br>FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2601, et seq.

32.     Plaintiff incorporates Paragraphs 1 through 31 as though set forth in full herein.

7

**Exhibit 3**

33.     Defendant Agency is a constitutional state agency of the State of Oklahoma, who employs 50 or more employees for at least 20 work weeks in the current and preceding calendar year and is engaged in an activity affecting commerce.

34.     Plaintiff worked for a covered employee and Defendants acknowledged Plaintiff's request for FMLA leave and granted him same.

35.     Plaintiff had worked for Defendant Agency for more than one year full time prior to his unjust and unlawful treatment by Defendants when they put him on probation and removed job duties and responsibilities from him immediately after coming back from protected leave.  Plaintiff worked in excess of 1250 hours in the 12 months preceding Defendants' actions.

36.     Plaintiff worked at a location where at least 50 employees were employed by Defendant Agency within 75 miles.

37.     Plaintiff had a serious health condition that required medical care and continuing treatment.

38.     Plaintiff's health condition was and is a serious health condition.

39.     Plaintiff took leave because of his serious health condition.  Plaintiff requested FMLA leave and filled out the FMLA paperwork through Defendant Agency's Human Resources Department.

40.     Plaintiff has received treatment and is receiving treatment and was able to perform the functions of his job.

8

**Exhibit 3**

41.     Defendants retaliated against Plaintiff for taking FMLA leave.  Plaintiff's leave was a motivating and significant factor in Defendants' determination to alter the terms of Plaintiff's employment.

WHEREFORE, Plaintiff prays for judgment against Defendant Agency and Defendant Peoples in his official and individual capacities as follows:

1)     Award Plaintiff damages against Defendants in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

2)     Award Plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

3)     Award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

4)     Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of this action;

5)     Grant Plaintiff such other and further relief as the Court deems appropriate under the circumstances.

SECOND CAUSE OF ACTION-VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, OR ALTERNATIVELY, THE OKLAHOMA ANTI-DICRIMINATION ACT, 25 O.S. § 1101, et seq.-GENDER DISCRIMINATION

42.     Plaintiff incorporates herein by reference Paragraphs 1 through 41 as though set forth in full herein.

43.     Plaintiff was in a protected classification, at all relevant times herein, because of his gender, male.

44.     Plaintiff was well qualified for his position and he successfully performed his job duties and responsibilities.

9

**Exhibit 3**

45.     On or about May 31, 2017, Plaintiff was sexually harassed by his, his supervisor, Defendant Peoples, when he was told that he was going to "need lube" for what was going to happen to him after his report of misappropriation of state funds. Plaintiff reported the discrimination on or about June 4, 2017 to the Director and to HR.

46.     Plaintiff's gender was a motivating factor in Defendant Agency's decision to alter the terms and conditions of his employment.

47.     The reasons stated for Plaintiff's adverse treatment were sham and pre-textual in that he did not commit any of the cited infractions and they were only trumped up after he refused to go along with the inaccurate company line.

48.     As a direct and proximate result of Defendant Agency's actions as herein detailed, Plaintiff has been damaged in that he has suffered economic loss, emotional distress, loss to his professional reputation, loss of enjoyment of life, anxiety and depression. Plaintiff is entitled to all relief and damages provided for under Title VII of the 1964 Civil Rights Act, as amended or alternatively, under the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for relief as follows:

1)     That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant Agency in violation of Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

2)     That Defendant Agency be ordered to make Plaintiff whole through any remedy authorized by Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

3)     That Defendant Agency be required to compensate Plaintiff for the full value of wages and benefits, if any, that Plaintiff would have received if it had not been for Defendant Agency's unlawful treatment of Plaintiff, with

# Exhibit 3

interest thereon;

4)      That Defendant Agency be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

5)      That Plaintiff be awarded his costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

6)      That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper. *(Plaintiff will amend this pleading to account for the subsequent reprisal and his termination after he has exhausted his administrative remedies).*

### THIRD CAUSE OF ACTION-VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, OR ALTERNATIVELY, THE OKLAHOMA ANTI-DICRIMINATION ACT, 25 O.S. § 1101, et seq.-RETALIATION

49.     Plaintiff incorporates herein by reference Paragraphs 1 through 48 as though set forth in full herein.

50.     Plaintiff was in a protected classification, at all relevant times herein, because of his gender, male.

51.     Plaintiff was well qualified for his position and he successfully performed his job duties and responsibilities.

52.     On or about July 17, 2017, Plaintiff's job duties and responsibilities were changed for the sham and pre-textual reason that he had caused the budget shortfall and also for job performance related issues that were untrue.   Plaintiff was also advised on that date that he would be scrutinized much harder moving forward on his performance evaluations.   Additionally, Plaintiff was placed on a 6 month probation when he returned to work on August 28, 2017.

11

**Exhibit 3**

53.     Plaintiff's gender was a motivating factor in Defendant Agency's decision to alter the terms and conditions of his employment.

54.     The reasons stated for Plaintiff's adverse treatment were sham and pre-textual in that he did not commit any of the cited infractions and they were only trumped up after he refused to go along with the inaccurate company line.

55.     As a direct and proximate result of Defendant Agency's actions as herein detailed, Plaintiff has been damaged in that he has suffered economic loss, emotional distress, loss to his professional reputation, loss of enjoyment of life, anxiety and depression.  Plaintiff is entitled to all relief and damages provided for under Title VII of the 1964 Civil Rights Act, as amended or alternatively, under the Oklahoma Anti-Discrimination Act.

WHEREFORE, Plaintiff prays for relief as follows:

1)      That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant Agency in violation of Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

2)      That Defendant Agency be ordered to make Plaintiff whole through any remedy authorized by Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

3)      That Defendant Agency be required to compensate Plaintiff for the full value of wages and benefits, if any, that Plaintiff would have received if it had not been for Defendant Agency's unlawful treatment of Plaintiff, with interest thereon;

4)      That Defendant Agency be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the 1964 Civil Rights Act, as amended or the Oklahoma Anti-Discrimination Act;

5)      That Plaintiff be awarded his costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

Exhibit 3

6)   That Plaintiff be granted such other legal and equitable relief as the Court may deem just and proper. *(Plaintiff will amend this pleading to account for the subsequent reprisal and his termination after he has exhausted his administrative remedies).*

## FOURTH CAUSE OF ACTION-NEGLIGENCE

56.   Plaintiff incorporates herein by reference Paragraphs 1 through 55 as though set forth in full herein.

57.   Defendant Agency negligently trained, supervised, and retained Defendant Peoples, Free, Dinkines and Director who participated in unethical and improper activities and retaliated against Plaintiff for his reports of discrimination and violation of Oklahoma public policy.

58.   Defendant Agency is also responsible for the negligent and improper actions of these individuals undertaken in the course and scope of their employment under the Oklahoma Governmental Tort Claims Act.

59.   As a result of Defendant Agency's negligence, Plaintiff has been damaged in that several of his job duties and responsibilities were altered and he has been caused to experience embarrassment, humiliation, mental anguish and emotional distress, damage to his professional reputation and loss of enjoyment of life, all to his detriment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant Agency as follows:

1)   For actual damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

2)   For punitive and exemplary damages;

3)   For interest thereon as provided by law;

**Exhibit 3**

4)     For his costs;

5)     For such other and further relief as this Court deems just and proper. ***(Plaintiff will amend this pleading to account for the subsequent reprisal and his termination after he has exhausted his administrative remedies).***

## FIFTH CAUSE OF ACTION- VIOLATION OF FIRST AMENDMENT FREE SPEECH, 42 U.S.C. §1983 AND VIOLATION OF THE OKLAHOMA CONSTITUTION

60.     Plaintiff incorporates herein by reference Paragraphs 1 through 59 as though set forth in full herein.

61.     Defendant Agency and Defendant Peoples in his official capacity and individual capacity have violated Plaintiff's First Amendment right to free speech made applicable to Defendants through the Fourteenth Amendment to the United States Constitution and the Oklahoma Constitution.

62.     Plaintiff contends his statements concerning the gender discrimination he suffered and his reports of violation of Oklahoma Public policy are speech on matters of public concern outside of his duties with Defendant Agency but part of his duties as a citizen which are subject to protection by the First Amendment of the United States Constitution and are not subject to review, supervision, scrutiny or ridicule by his employer.

63.     Plaintiff further contends his duties were restricted by instruction from one or more of Defendant Agency's Agents, to include Defendant Peoples, when he was threatened and intimidated concerning any subsequent reports and dropping his claims as provided for herein above.

14

**Exhibit 3**

64. Acting under color of law, Defendants deprived Plaintiff of his right to free speech by retaliating against him as provided for herein above.

65. The acts and conduct as alleged herein were taken at the direction, or pursuant to the delegation of authority, of the Director, who is a policy maker for purposes of supervision of employees of Defendant Agency, and who is an agent thereof, and as such was undertaken pursuant to a policy, custom or usage of the Agency, which is a constitutional state agency of the State of Oklahoma.

66. The acts of Defendants were willful, malicious and with conscious disregard to the rights of Plaintiff.

67. As a result of Defendants actions, Plaintiff has been damaged in that he has suffered adverse employment actions, and he has been caused to experience embarrassment, humiliation, mental anguish and emotional distress, damage to his professional reputation and loss of enjoyment of life, all to his detriment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) For actual and compensatory damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

2) For punitive and exemplary damages;

2) For interest thereon as provided by law;

3) For his costs;

4) For such other and further relief as this Court deems just and proper. *(Plaintiff will amend this pleading to account for the subsequent reprisal and his termination after he has exhausted his administrative remedies).*

**Exhibit 3**

## SIXTH CAUSE OF ACTION- INTENTIONAL
## INTERFERENCE WITH EMPLOYMENT

68.    Plaintiff incorporates herein by reference Paragraphs 1 through 67 as though set forth in full herein.

69.    Defendant Peoples, individually, wrongfully, maliciously and tortuously interfered with Plaintiff's employment by creating a hostile working environment as provided for herein above and turning a violation of federal and state law, which Plaintiff reported, against Plaintiff and causing his employer to take adverse employment action against Plaintiff up to and including termination.

70.    As a result of Defendant People's actions, Plaintiff has been damaged in that he has been terminated and he has been caused to experience embarrassment, humiliation, mental anguish and emotional distress, damage to his professional reputation and loss of enjoyment of life, all to his detriment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant Peoples as follows:

1)    For actual damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

2)    For punitive and exemplary damages;

3)    For interest thereon as provided by law;

4)    For his costs;

5)    For such other and further relief as this Court deems just and proper.

16

**Exhibit 3**

### SEVENTH CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTION DISTRESS OR ALTERNATIVELY NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71.     Plaintiff incorporates herein by reference Paragraphs 1 through 70 as though set forth in full herein.

72.     Defendants acted intentionally caused Plaintiff to suffer severe emotional distress.

73.     Defendants' behavior was designed to cause Plaintiff to relent and not move forward with his claims.

74.     Defendants' behavior was so outrageous in character, and so extreme in degree as to beyond all bounds of decency.

75.     Said behavior was atrocious and reprehensible.

76.     Defendant's behavior was intentional, malicious and with conscious disregard for the rights of Plaintiff.

77.     Alternatively, Defendants' actions were negligent in that they knew or should have known their actions would cause Plaintiff extreme emotional distress.

78.     As a result of Defendants actions as herein detailed, Plaintiff was caused severe emotional distress such that he had to take FMLA leave and was required to seek continuing care for anxiety and depression.

WHEREFORE, Plaintiff prays for judgment against Defendant Agency and Defendant Peoples in his official and individual capacities as follows:

1)      For actual and compensatory damages in a sum in excess of $75,000.00, and in accordance with the proof at the time of trial;

2)      For punitive and exemplary damages;

17

**Exhibit 3**

2)     For interest thereon as provided by law;

3)     For his costs;

4)     For such other and further relief as this Court deems just and proper.

Dated this _10th_ day of May 2019.

Respectfully submitted,

Scott K. Thomas, OBA #21842
Houston, Osborn, Sexton & Thomas, PLLC
123 W. 7th, Suite 200
P.O. Box 1118
Stillwater, OK 74076
(405) 377-7618
(405) 377-8234 facsimile
Attorney for Plaintiff

*Attorney's Lien Claimed*
*Jury Trial Demanded*

**Exhibit 3**



OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA

March 6, 2018

*VIA ELECTRONIC MAIL*

Adrian McDaniel
Supervisory Investigator
U.S. Equal Employment Opportunity Commission
Oklahoma City Area Office
215 Dean A. McGee Avenue, Suite 524
Oklahoma City, OK 73102

       **Re:**    **Allan Janus v. Oklahoma Department of Wildlife Conservation**
              **OCRE Complaint No.  CR-18-0022-E**
              **File Transfer / OCRE Conflict of Interest**

Dear Mr. McDaniel:

       Enclosed please find an Employment Discrimination Complaint filed by Allan Janus against the Oklahoma Department of Wildlife Conservation received by the Office of Civil Rights Enforcement ("OCRE") on February 23, 2018, concerning allegations of discrimination.

       The Office of the Attorney General represents and defends state agencies. Though the OCRE does not have a client relationship with or otherwise represent charging parties, our investigation of the charges against the state agencies creates the appearance of a potential conflict of interest. To avoid the appearance of a conflict, we are hereby transferring the administrative investigation of these charges to the EEOC for handling, pursuant to the Work Sharing Agreement between the EEOC and the Oklahoma Attorney General.

       Thank you in advance for your assistance with this matter. If I can be of any future assistance in facilitating the file transfer, please feel free to let me know.

                            Sincerely,

                            Kara I. Smith
                            Chief Assistant Attorney General
                            Chief, Office of Civil Rights Enforcement

KIS/adl
Enclosure

cc:   Allan Janus



313 N.E. 21ˢᵗ STREET • OKLAHOMA CITY, OK 73105 • (405) 521-3921 • FAX: (405) 521-6246

# Exhibit 3

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 564-2018-00354 |

Oklahoma Attorney General's Office, Office of CR Enforcement                              and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Allan Janus** | | |

Street Address                                          City, State and ZIP Code
**721 W Lakeshore Dr, Stillwater, OK 74075**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION** | 15 - 100 | (405) 522-3324 |

Street Address                                          City, State and ZIP Code
**2145 NE 36th St, Oklahoma City, OK 73111**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 08-04-2017 | 03-21-2018 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about November 1, 2010 as a Programmer/Data Analyst. During my tenure, I have performed my duties satisfactorily to the best of my knowledge. On or about May 31, 2017, in a meeting with Alan Peoples, Chief of Wildlife, I was told that I "may need lube for what was about to happen." This comment offended me and was very inappropriate. On June 5, 2017, I filed a formal grievance with Vicky Skaggs, Human Resources Administrator and J.D. Strong, Director. On or about June 30, 2017, the investigation into my complaint concluded and was found to be relevant, but did not rise to the level of sexual harassment or bullying/intimidation. Director Strong did acknowledge that the comment made by Mr. Peoples was unprofessional and that the culture of "locker room talk" in the workplace had to change.

On or about August 28, 2017, I was placed on Disciplinary Probation for 6 months for failure to meet deadlines and other work issues. I feel that this is retaliation for my filing a complaint.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4-25-18          *[signature]* <br> Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



**EXHIBIT**

2

## Exhibit 3

| EEOC Form 5 (11/09) | | |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>564-2018-00354 |

Oklahoma Attorney General's Office, Office of CR Enforcement and EEOC

*State or local Agency, if any*

I believe that I have been discriminated against on the basis of my sex, Male and retaliated against for my complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 4-25-18<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# Exhibit 3

EEOC Form 161 (11-16)  **U.S. Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Allan Janus**
**721 W Lakeshore Dr**
**Stillwater, OK 74075**

From:  **Oklahoma City Area Office**
**215 Dean A. McGee Avenue**
**Suite 524**
**Oklahoma City, OK 73102**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **564-2018-00354** | **Michael L. Talton,**<br>**Investigator** | **(405) 231-5623** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*f∘r :*  **Holly Waldron Cole,**
**Area Office Director**

8-23-18
*(Date Mailed)*

Enclosures(s)

cc:  **Vicky Scaggs**
**Director**
**OK DEPT. OF WILDLIFE CONSERVATION**
**2145 NE 36th St**
**Oklahoma City, OK 73111**

**EXHIBIT**
tablesr
**3**


**Exhibit 3**